THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JENNIFER L. SNEED** | * | **CIVIL ACTION NO. 04-2560** |
| **Versus** | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT & RECOMMENDATION

Petitioner, Jennifer L. Sneed ("Sneed"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **AFFIRMED, and this matter dismissed with prejudice.**

### Introduction

Sneed filed her application for disability insurance benefits on July 18, 2003. The application was for disability claims resulting from fractures to the cervical spine and orthostatic tachycardia syndrome which occurred as a result of an automobile accident on July 13, 2002. Sneed was 19 years old at the time of her hearing before ALJ W. Thomas Bundy. She has a high school education and is currently a full-time student at Louisiana Tech University with no past work experience. The ALJ denied benefits, and the Appeals council found no reason to review the ALJ's decision. Sneed filed this judicial appeal. Sneed believes that the ALJ incorrectly

found that she had the residual functional capacity (RFC) to perform sedentary work.

Standard of Review; Substantial Evidence

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the

SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted). The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). If at any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

**Analysis**

Sneed argues that the ALJ erred in determining that she retained a RFC for sedentary work. RFC is the level of work that a claimant can physically perform on a sustained basis

despite his/her impairments; it may range from Very Heavy to Sedentary to Less than the Full Range of Sedentary. 20 C.F.R. § 404.1545(a)(1). An ALJ's assessment of a claimant's RFC is based on all the relevant evidence in the record, including medical opinions, symptoms, witnesses' credibility, and lay testimony; however, ALJ's are not required to give special weight to opinions that a claimant is "unable to work" or "disabled." *See* 20 C.F.R. §§ 404.1520(e), 1527(e)(1).

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

The ALJ found that Sneed is able to lift and/or carry up to eight pounds occasionally; stand/walk approximately two hours in an eight hour work day; sit approximately six hours in an eight hour work day; occasionally stoop and crouch; she has full bimanual dexterity; and sufficient visual acuity to perform close work. Sneed argues that the ALJ erred in determining that she can stand/walk approximately 2 hours and sit approximately 6 hours in an eight hour work day. Sneed testified that she is unable to do desk work because she would have to constantly look down and that she cannot sit for long periods of time because she gets tired and aches and because her neck gets sore.

Plaintiff's allegation that she is unable to do desk work is inconsistent with her testimony that she is a full-time college student, majoring in accounting at Louisiana Tech University, and

maintaining a 4.0 grade-point average. In addition, merely being tired, achy, and sore are not adequate reasons for being awarded disability benefits. Plaintiff has failed to show that her symptoms of bing tired, achy, and sore are so severe as to preclude the performance of sedentary work. The mere existence of pain is not an automatic ground for obtaining disability benefits. *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1985). Pain constitutes a disabling condition when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). The ALJ found no evidence that Plaintiff required pain management, noting that her list of medications showed no prescribed analgesics.

Sneed also argues that Louisiana Tech University would not make special accommodations for her (allowing her to park her car near her classes, scheduling her classes to be downstairs and allowing her to sit in a recliner during breaks), if she were able to sit for 6 hours a day. Subjective allegations of fatigue and malaise do not translate to an inability to perform sedentary work. Plaintiff is not so fatigued that she cannot endure a full-time curriculum at Louisiana Tech University and drive herself 60 miles round-trip to school each day. Furthermore, any accommodations Louisiana Tech University has made for Plaintiff have no bearing on Social Security determinations.

Because it is not this Court's function to either re-weigh the evidence or supplant an ALJ's judgment, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), the ALJ's resolution of these inconsistencies and Sneed's RFC must stand. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988); *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

In this case, substantial evidence supports the ALJ's decision that Sneed was not disabled within the meaning of the Social Security Act. Therefore, **it is recommended that the Commissioner's decision to deny benefits be AFFIRMED, and that this civil action be DISMISSED with Prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE